UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

AMED GIRON,

Case No.

Plaintiff,

-against-

**COMPLAINT**

REFINED STONE LTD., and DARREN
ADAMCHAK,

**JURY
TRIAL
REQUESTED**

Defendants.

------------------------------------------------------------------- X

Plaintiff Amed Giron (hereinafter referred to as "Plaintiff") by and through his attorneys, Rodriguez-McCloskey PLLC, hereby brings this complaint against defendants Refined Stone Ltd. ("Refined Stone"), and Darren Adamchak ("Adamchak') (collectively referred to herein as "Defendants").

## **INTRODUCTION**

1.     Plaintiff brings this action to recover unpaid wages, overtime and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., (hereinafter "FLSA").

2.     Plaintiff brings this action to recover unpaid wages, overtime and other damages under the provisions of the New York Labor Law, N.Y. Lab. Law, Art. 19, §§ 650, 661, 663(1) et seq. (hereinafter, "NYLL").

1

3.      Plaintiff also brings correlative unjust enrichment, breach of contract and retaliation claims associated with the same events giving rise to the wage claims.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331 by virtue of federal questions, 29 U.S.C. § 201 et seq. of the FLSA.

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

6.      Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 et seq. A significant portion of the events giving rise to the instant litigation occurred at Refined Stone, located in Farmingdale, New York, and one or more of the Defendants named herein resides in this district.

## PARTIES

### *Defendant Refined Stone*

7.      Defendant Refined Stone is a New York corporation doing business within the City and County of New York, and whose principal place of business is located at 119 Marine St., Farmingdale, New York 11735, in Nassau County. Its registered agent is listed with the New York State Department of State as Darren Adamchak with an address of 64 East Berry Lane, Old Bethpage, New York.

8.      At all material times to this action, Refined Stone was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

9.      Refined Stone set the working schedule and working conditions for Plaintiff and had the power to hire and fire employees at will.

10.     Refined Stone was and continues to be an "enterprise engaged in the commerce"

within the meaning of FLSA.

11.   At all times, the work performed by Plaintiff was directly essential to the business operated by Refined Stone.

12.   Refined Stone operates a warehouse located at 119 Marine St., Farmingdale, New York 11735.

13.   At all relevant times, Refined Stone, was an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

14.   At all relevant times, the corporate Defendants' business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

15.   At all relevant times, defendant Refined Stone had annual gross revenues in excess of $500,000.

***Defendant Darren Adamchak***

16.   Upon information and belief, Adamchak, an individual, resides at 64 East Barry Lane, Old Bethpage, New York 11804.

17.   At all times material to this action, Adamchak actively participated in the business of the corporation.

18.   At all times material to this action, Adamchak exercised substantial control over the functions of the employees, including Plaintiff.

19.   At all times material to this action, Adamchak, was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

20.   Upon information and belief, Adamchak has an ownership interest in and/or is a

shareholder of Refined Stone.

21.     Upon information and belief, Adamchak is one of the ten largest shareholders of Refined Stone,

22.     Upon information and belief, Adamchak is liable to Plaintiff for unpaid wages pursuant to New York Business Corporations Law § 630.

***Plaintiff Amed Giron***

23.     Plaintiff is a resident of Suffolk County, New York.

24.     Plaintiff worked as a stone cutter at Refined Stone for over fifteen (15) years.

25.     Plaintiff worked at Refined Stone from 2006 to December 17, 2021.

26.     While in the position, Plaintiff was paid an hourly rate of $23 per hour.

27.     Plaintiff generally worked approximately 75 hours per week from Monday to Saturday.

28.     Plaintiff was not paid at a rate of one and one half times his rate for all hours over 40 worked in a work week.

## STATEMENT OF FACTS

29.     Plaintiff worked for Refined Stone for over 15 years, from 2006 to December 17, 2021.

30.     Plaintiff worked six (6) days a week and for approximately 75 hours per week for Defendants.

31.     Plaintiff was scheduled to work from 7:00 a.m. to 3:00 p.m. six days a week but worked past his scheduled time every day.

32.     Plaintiff worked an additional 35 hours of unscheduled overtime a week.

33.     Defendants encouraged Plaintiff and other employees to "clock out" at the end of

an 8-hour shift, however, Plaintiff and other employees would continue to work an additional 5-8 hours or more after clocking out.

34.     Plaintiff attempted to clock out when he was done working for the day, however he was never paid for more than 40 hours per week despite his attempts to properly record the number of hours he worked.

35.     Plaintiff was not given sick days or personal days.

36.     Plaintiff was not given any meal breaks during his workday.

37.     On or about December of 2021, Refined Stone provided Plaintiff with a "Bonus Agreement and General Release" ("Illegal Bonus Agreement") which provided a bonus of $1,500 in consideration for a release of all potential legal claims against it and a release of overtime payment.

38.     Plaintiff was informed if he did not sign this Illegal Bonus Agreement he would be terminated, therefore under duress and without proper time to review, Plaintiff was forced to sign the Illegal Bonus Agreement.

39.     When Plaintiff had proper time to review the Illegal Bonus Agreement, he recognized that the Illegal Bonus Agreement indicated that employees of Refined Stone would not receive overtime pay, and Plaintiff would be releasing all equitable and fair legal claims which could be brought against Defendants for their wrongdoing.

40.     The Illegal Bonus Agreement is an affront to the wage laws, unenforceable by law and does not bar recovery in this action.

41.     Upon raising this concern with Defendants, Plaintiff was retaliated against and terminated.

42.     After being terminated wrongfully, Plaintiff attempted to collect unemployment

benefits, however Defendants lied about the reason for Plaintiff's termination, initially stopping him from collecting any unemployment.

## LEGAL CLAIMS

### AS AND FOR THE FIRST CAUSE OF ACTION
**(Fair Labor Standards Act Violations–Unpaid Wages, Unpaid Overtime, Failure to Keep Records, and Failure to Provide Meal Periods)**

43.    Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

44.    At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff in full for some or all of the hours it worked and for all overtime pay to which he was entitled.

45.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

46.     Defendants failed to compensate Plaintiff at a rate of one and one half times his normal hourly rates for hours over 40 in a workweek, in violation of the FLSA, 29 U.S.C. § 207 (a).

47.    As a result of these unlawful manipulations to the time records, Defendants repeatedly or at all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiffs, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211 (c), 215(a)(5) and 29 C.F.R. § 516.

48.    The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C 255(a). Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and upon information and belief their other employees, for all

hours worked including overtime pay, when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

49.     Defendants had no good faith basis for believing that their pay practices were in compliance with the law.

50.     As a result of the willful violations by Defendants of the FLSA, Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorneys' fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>
**(New York Labor Law Violations–Unpaid Wages, Unpaid Overtime, Unpaid Spread-of Time Pay, Failure to Keep Records, and Failure to Provide Meal Periods)**

51.     Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

52.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

53.     Due to Defendants' NYLL violations set forth below, Plaintiff is entitled to recover his unpaid wages, overtime, liquidated damages, reasonable attorney's fees, and costs associated with bringing the action NYLL § 663(1).

54.     Defendants failed to compensate Plaintiff at a rate of one and one half times his normal hourly rate for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

55.     Plaintiff worked more than 10 hours on at least some workdays, but Defendants failed to pay him an additional one-hours pay at the applicable wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.

56. At all relevant times, Defendant Refined Stone failed to keep true and accurate records of hours worked by each employee covered by an hourly wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

57. At all relevant times, Refined Stone failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

58. Defendants failed to keep a timebook showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

59. At the time of Plaintiff's hiring, Defendants failed to provide a time of hire wage notice in contravention of NYLL § 195-1(a).

60. Defendants willfully violated Plaintiff's rights by failing to pay him for all of the hours he actually worked.

61. Defendants willfully violated Plaintiff's rights by failing to pay him at a rate of not less than one and one-half times his regular rates of pay for each hour worked in excess of forty hours in a workweek, in violation of 12 N.Y. Comp. Codes R. & Regs. 142-2.2.

62. Defendants failed to provide meal periods required by NYLL § 162 for every day Plaintiff worked.

63. Defendants' failure to provide the meal periods required by NYLL § 162 was not in good faith.

64. Due to Defendant's New York Labor Code violations, Plaintiff is entitled to recover (i) his unpaid wages, overtime, liquidated damages, reasonable attorneys' fees, costs associated with bringing the action. NYLL § 663(1); and (ii) $ 50 for each workday that the violation of

NYLL § 195-1(a) occurred or continued to occur, up to $5,000, together with costs and attorneys'

fees pursuant to NYLL § 198 (1-b).

AS AND FOR A THIRD CAUSE OF ACTION
**(Unjust Enrichment)**

65.    Plaintiff realleges and incorporates by this reference all allegations set forth in this

Complaint as if fully set forth herein.

66.    Defendants have been unjustly enriched by withholding monies that rightfully

belong to Plaintiff.

67.    Defendants are liable to Plaintiff in the amount of compensation unlawfully

withheld from him, along with liquidated damages, interest, litigation costs, attorney fees, and

other damages.

AS AND FOR A FOURTH CAUSE OF ACTION
**(Breach of Contract)**

68.    Plaintiff realleges and incorporates by this reference all allegations set forth in this

Complaint as if fully set forth herein.

69.    Plaintiff and Defendants had an implied employment contract insofar as the

employment relationship is inherently contractual in nature.

70.    Plaintiff agreed to perform certain functions for Defendant, in exchange for legal

compensation in return.

71.    Specifically, Defendants agreed to pay Plaintiff a certain rate of pay for all hours

worked, and time and a half that rate of pay for hours over 40 worked in a work week.

72.    By failing to pay Plaintiff for all time worked and/or at his proper overtime rate,

Defendants breached their contractual obligations of employment with Plaintiff.

73.    Defendants are liable to Plaintiff in the amount of compensation unlawfully

withheld from him, along with liquidated damages, interest, litigation costs, attorney fees, and

9

other damages.

AS AND FOR A FIFTH CAUSE OF ACTION<br>(Retaliation)

74.     Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

75.     Following complaints about the violations of the New York Labor Law, Defendants terminated Plaintiff.

76.     Defendants retaliated against Plaintiff by terminating him.

77.     Under NYLL § 215 employers cannot fire, penalize, or retaliate against an employee for complaining about a possible labor law violation to their employer.

78.     Plaintiff's termination consisted of a violation of the NYLL as prohibited retaliation.

79.     Defendants knowingly and willfully retaliating against Plaintiff, Plaintiff is entitled to recover unpaid wages, lost wages, overtime, liquidated damages, reasonable attorneys' fees, costs associated with bringing the action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(i)     On the First Count (Fair Labor Standards Act Violations) in favor of Plaintiff and against Defendants for unpaid wages and unpaid overtime wages due under the FLSA and the New York Labor law, awarding damages in amount to be determined at trial but no less than $ 371,228.60 plus attorney's fees and costs;

(ii)     On the Second Count (New York Labor Law Violations) in favor of Plaintiff and against Defendants awarding Plaintiff liquidated damages in the amount of its unpaid NYLL wages because of Defendants' willful failure to pay minimum and overtime wages, spread-of time

pay, failure to keep records, and failure to provide meal periods, in an amount to be determined at trial but no less than $ 371, 228.60 plus attorney's fees and costs;

(iii)   On the Third Count (Unjust Enrichment) in favor of Plaintiff and against Defendants awarding Plaintiff in an amount to be determined at trial but no less than $ 371, 228.60 plus attorney's fees and costs;

(iv)    On the Fourth Count (Breach of Contract) in favor of Plaintiff and against Defendants awarding Plaintiff in an amount to be determined at trial but no less than $ 371, 228.60 plus attorney's fees and costs;

(v)    On the Fifth Count (Retaliation) in favor of Plaintiff and against Defendants awarding Plaintiff for unpaid and lost wages in an amount to be determined at trial, plus attorney's fees and costs;

(vi)    Award Plaintiff liquidated damages in the amount of one hundred percent of their unpaid New York Labor Law overtime wages because of Defendants' willful failure to pay minimum wage and overtime pay as liquidated damages pursuant to NYLL § 663 in an amount to be determined at trial but no less than $ 371,228.60 plus attorney's fees and costs;

(vii)    Award Plaintiff prejudgment interest;

(viii)    Award Plaintiff the costs of this action together with reasonable attorney's fees and costs; and

(ix)    Award such other and further relief as this Court deems necessary and proper

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised in this Complaint.

Dated:     Brooklyn, New York
           June 16, 2022


                                   Respectfully submitted,

                                   RODRIGUEZ-MCCLOSKEY PLLC

                         By: /s/ Yenisey Rodriguez-Mccloskey
                             Yenisey Rodriguez McCloskey, Esq.
                             32 Court Street Suite 2101
                             Brooklyn, New York 11201
                             Telephone: (718) 841-9401
                             yenisey@rodriguezmccloskey.com
                             *Attorneys for Plaintiff Amed Giron*