UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

AMED GIRON,

                     Plaintiff,

                 -against-

REFINED STONE LTD. and DARREN
ADAMCHAK,

                     Defendants.

-------------------------------------x

**MEMORANDUM & ORDER**
22-cv-3558 (EK)(SIL)

ERIC KOMITEE, United States District Judge:

In September 2025, this Court denied the defendants' motion to dismiss this case. *See* Order Denying Mot. to Dismiss, ECF No. 25 (the "Order"). Defendants now move for reconsideration of that Order. They contend that (a) the Court "did not address" their argument that the plaintiff "ratified" the release agreements at issue, and (b) that the plaintiff's retention of the "Additional Bonus" payment precludes his claim that the agreements are unconscionable. *See* Mem. in Support of Mot. for Reconsideration 1, 6-7, ECF No. 28-1.

## I.   Legal Standard

Motions for reconsideration are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247

F.3d 370, 391 (2d Cir. 2001).[1]  Such circumstances include "an intervening change of law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel of Tartikov, Inc. v. YLL Irrevocable Trust,* 729 F.3d 99, 104 (2d Cir. 2013).

## II.  Discussion

The motion is denied.  As the Court noted in the Order, a question persists under *federal law* as to whether the release agreements can be enforced against the FLSA claims at issue.  *See* Order 10 (citing *Mei Xing Yu v. Hasaki Restaurant,* 944 F.3d 395, 406-07 (2d Cir. 2019)).  This question about the validity of the releases arises prior to, and would apply irrespective of, our analysis on the state-law doctrines at issue (ratification and unconscionability).

Simply put, an agreement that is void from inception cannot be "ratified" under state law.[2]  *See, e.g., Clark v. Buffalo Wire Works Co.,* 3 F. Supp. 2d 366, 372 n.5 (W.D.N.Y. 1998) ("If, however, a contract is determined invalid because it is void, such contract could never be ratified."); *cf. Texas &*

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks

[2] The Supreme Court has held that, absent some bona fide dispute as to liability, "attempted release and waiver of rights under [the FLSA are] absolutely void [as against public policy]."  *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 714 (1945).  Defendants' arguments that rest on the release simply being voidable are therefore unavailing.  *See* Mem. in Support of Mot. for Reconsideration 6.

*Pacific Railway v. Pottorff*, 291 U.S. 245, 260 (1934) ("It is the settled doctrine of this court that no rights arise on an *ultra vires* contract, even though the contract has been performed; and that this conclusion cannot be circumvented by erecting an estoppel which would prevent challenging the legality of a power exercised.").

Beyond that, the question of enforceability under federal law requires some factual development: as the Order pointed out, the release is only even *arguably* enforceable in the context of a "bona fide dispute" as to liability.  Order 10 (citing *Cheeks v. Freeport Pancake House, Inc.*, 96 F.3d 199, 203 (2d Cir. 2015)).  The question of whether any such dispute was bona fide here cannot be resolved on the face of the complaint and must await the conclusion of discovery.

The defendants may well be correct, as a matter of *state* law, that the doctrine of retention and ratification forecloses the unconscionability argument.  But that question would not resolve the entire case at this time.[3]  This latter question should therefore await the close of discovery and any summary judgment briefing, when (among other things) the unconscionability issue will have crystallized.

---

[3] At the risk of getting ahead of ourselves, we note that a question may arise as to whether the purported release of *state* claims would be severable from the federal release, if the release of federal claims were to be invalidated.

3

### III. Conclusion

For the foregoing reasons, defendants' motion for reconsideration is denied.

SO ORDERED.

_/s/ Eric Komitee_
ERIC KOMITEE
United States District Judge

Dated:    April 27, 2026
          Brooklyn, New York

4